IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINCOLN NATIONAL LIFE INSURANCE COMPANY,

    Interpleader-Plaintiff,

v.

CLAUDIA RIDGWAY, *et al.*,

    Defendants.

Case No. C17-1490RSM

ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on Interpleader-Plaintiff's Motion for Partial Reconsideration of this Court's prior Order allowing Plaintiff to interplead funds in this Court, but declining to dismiss it from this action. Dkts. #40 and #41. Plaintiff asserts that this Court "misapprehended Ridgway's counterclaim and the remedies available under ERISA. Lincoln National, therefore, respectfully moves the Court to reconsider its decision, in part, and dismiss Ridgway's counterclaim." Dkt. #41 at 2. The Court directed Defendant Ridgway to file a response to this motion. Ms. Ridgway filed her opposition on March 17, 2018. Dkt. #46. This motion is now ripe for review.

"Motions for reconsideration are disfavored." LCR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention

ORDER– 1

earlier with reasonable diligence." LCR 7(h)(1). In this case, the Court is not persuaded that it should reconsider its prior Order.

Plaintiff first argues that this Court has misconstrued Ms. Ridgway's counterclaim against it. Specifically, Plaintiff asserts that this Court cannot find both that Plaintiff had a good faith basis to interplead the disputed funds, but that it acted in bad faith by choosing not to pay one of the claimants. Dkt. #41 at 3-4. Plaintiff has misinterpreted the Court's Order. Indeed, this Court determined that Ms. Ridgway's counterclaim is based primarily on Plaintiff's handling of her claim, and its alleged failure to comply with the governing claims handling statutes and regulations. Dkt. #40 at 12-13. That claim is distinguishable from a claim simply for a failure to pay funds. *Id.*

Plaintiff next argues that Ms. Ridgway cannot maintain her Counterclaim as alleged under 29 U.S.C. § 1132, because there is no right under ERISA to recover punitive, consequential, or extra-contractual damages, including damages for alleged bad-faith claim handling. Dkt. #41 at 4-6. However, Ms. Ridgway seeks relief under ERISA's "catch-all" provision, 29 U.S.C. § 1132(a)(3). Dkt. #46 at 6-8. In *Varity v. Howe*, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed.2d 130 (1996), the United States Supreme Court explained that this provision acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity*, 516 U.S. at 512. Ms. Ridgway asserts that a "surcharge" remedy is one type of equitable remedy allowed under 29 U.S.C. § 1132(a)(3). Dkt. #46 at 6 (citing *CIGNA v. Amara*, 563 U.S. 421, 422-23, 131 S. Ct. 1866, 179 L. Ed.2d 843 (2011)). The authority presented by Plaintiff does not contradict Ms. Ridgway's assertion.

ORDER– 2

Likewise, the Court is not persuaded that Ms. Ridgway cannot characterize her claim as one for breach of fiduciary duty. *See* Dkt. #41 at 6. Contrary to Plaintiff's assertions:

> Supreme Court and Ninth Circuit authorities have both authorized a claim under section 1132(a)(3) for a fiduciary's improper handling of an individual benefit claim in violation of its fiduciary duties. *See Varity Corp. v Howe*, 516 U.S. 489, 510-11, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996) ("subsection (3)...[is] broad enough to cover individual relief for breach of a fiduciary obligation" including determination of entitlement to benefits); *Paulsen v. CNF Inc*., 559 F.3d 1061, 1075 (9th Cir. 2009) ("[u]nlike 29 U.S.C. § 1132(a)(2), which requires that relief sought must be on behalf of the entire plan, the Supreme Court has held that a participant or beneficiary has standing pursuant to section 1132(a)(3) to seek individual recovery in the form of 'appropriate equitable relief,'" citing *Varity*); *Peralta v. Hispanic Bus., Inc*., 419 F.3d 1064, 1075 (9th Cir. 2005) ("[i]ndividual substantive relief under ERISA is available where an employer actively and deliberately misleads its employees to their detriment"); *see also CIGNA Corp. v. Amara*, 563 U.S. 421, 131 S. Ct. 1866, 1881-82, 179 L. Ed. 2d 843 (2011), ("[t]o obtain relief by surcharge for violations of §§ 102(a) and 104(b) [under section 1132(a)(3)], a plan participant or beneficiary must show that the violation injured *him or her*") (emphasis supplied). In *Varity*, the Supreme Court held the individual claimants, though foreclosed from seeking individual remedies under section 1132(a)(2), and unable to show they had benefits due them under section 1132(a)(1)(B)**,** could nevertheless proceed under 1132(a)(3) for other appropriate, individual equitable relief. *Id*. at 515. In so holding, *Varity* rejected the idea that section 1132(a)(3) remedies were only to benefit the plan, not individuals.

*Zisk v. Gannett Co. Income Prot. Plan*, 73 F. Supp.3d 1115, 1118 (N.D. Cal. Nov. 6, 2014).

For all of these reasons, the Court is not persuaded that it "misapprehended Ridgway's counterclaim and the remedies available under ERISA." *See* Dkt. #41. Likewise, the Court is not persuaded that it committed manifest error in its prior ruling, or that Plaintiff has presented legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Accordingly, Plaintiff's Motion for Reconsideration (Dkt. #41) is DENIED.

ORDER– 3

Plaintiff has also filed a motion to stay all discovery deadlines in this matter until the Court resolves the instant motion. Dkt. #44. That motion (Dkt. #44) is now DENIED AS MOOT.

DATED this 27 day of March, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER– 4